IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-41494
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN HENRY GUILLORY

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-142-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Henry Guillory appeals his conviction and sentence for one count of unlawful possession of an unregistered firearm and one count of possession of a firearm by a felon, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 922(g), respectively. Finding no error, we affirm.

Guillory first challenges the sufficiency of the evidence, arguing that the Government failed to prove that he possessed the firearm in question, a sawed-off shotgun. Although Guillory asserts that we should review under the rational

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury standard, he did not move for a judgment of acquittal at any time in the district court. Thus, we review under the narrower "manifest miscarriage of justice" standard. See United States v. Galvan, 949 F.2d 777, 782-83 (5th Cir. 1991). There was evidence that Guillory had constructive possession of the shotgun. He had control and dominion over the house, he had spent the previous night at the house, he was there during the day of the arrest, and he made a statement indicating that the shotgun belonged to him, describing it as a "toy" that he had "picked up." Thus, the record is not "devoid of evidence pointing to guilt," nor is the evidence of constructive possession "so tenuous that a conviction would be shocking." United States v. Sam, 467 F.3d 857, 860 (5th Cir. 2006).

Guillory next argues that the district court erred in imposing an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5), based on his possession of the firearm in connection with another felony, namely, possession of less than one gram of a controlled substance. Guillory's argument that there was an insufficient nexus between the possession of the shotgun and his possession of a small amount of drugs intended for personal use is unavailing in light of United States v. Condren, 18 F.3d 1190, 1194 (5th Cir. 1994), which is controlling on the facts of this case. We decline Guillory's suggestion that we reject Condren as incorrectly decided. See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir.1999).

Guillory's constitutional challenge to the district court's factfinding for sentencing purposes also fails in light of controlling precedent. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005); see also Rita v. United States, 127 S. Ct. 2456, 2465-66 (2007).

The judgment of the district court is AFFIRMED.